SUSAN M. HAZEN v. JEROME E. PHILLIPS.

*Handwriting—Date of receipt.*

The only question in a foreclosure proceeding was whether the date
of a receipt had been changed from April 1, 1874, to Sept. 23,
1871, and it was determined from inspection and from facts
bearing upon the probabilities, that the date had not been so
changed and that a payment had been made at the apparent
date of the receipt, which ought to have been credited upon the
mortgage.

Appeal from Kent. Submitted Oct. 24. Decided Nov. 21.

FORECLOSURE. Complainant appeals.

*Wm. E. Grove* and *Jacob Ferris* for complainant.

*Taggart & Wolcott* for defendant.

MARSTON, J. Bill filed by complainant for the fore-
closure of a mortgage.

The question, and the only one raised on this appeal,
is whether defendant, on the 23d day of September, 1871,
paid to complainant five hundred dollars. He testifies
that he did, and produces a receipt of complainant's of
that date for that amount. Complainant denies that
any such payment was made or receipt given. There
is no doubt but that this receipt is in the handwriting
of and signed by complainant, but as there clearly has
been a change or alteration made in the date thereof,
she claims such alteration was made by the defendant.
Complainant's version, in substance, is that on April
1st, 1874, defendant called while her husband was absent
from home, and desired to make a payment; that he
then paid her five hundred dollars, for which she gave
him a receipt; that he said he would call again in the
evening of the same day and make a farther payment
when her husband would be at home; that he did call
in the evening, paid to her husband seventy-five dollars,

received from him a receipt for five hundred and seventy-five dollars, but did not surrender up the receipt which she had given him in the forenoon of that day, but kept the same, and that the date of such receipt has been changed from April 1st, 1874, to Sept. 23d, 1871. There is no doubt but that a payment of $575 was made April 1st, 1874, in the manner indicated. Defendant says that the receipt which she gave him on the forenoon of that day he delivered up to Mr. Hazen when he took the receipt for $575.

Defendant farther says that on September 23d, 1871, he called at the residence of Mrs. Hazen and made her a payment of $500; that she wrote him a receipt therefor and handed it to him; that he read it and noticed that she had made a mistake in the date thereof, dating it Sept. 21st; that upon calling her attention thereto, she took a case-knife, made an erasure thereon, and inserted the correct date.

Each has introduced more or less evidence in corroboration of their testimony. Expert testimony was also introduced in reference to whether a change had been made from April 1st, 1874, to Sept. 23d, 1871, but no very great light has been shed upon the transaction thereby. The case stands substantially upon the testimony of the complainant and defendant, and the correctness of either view must be determined from certain intrinsic facts. The indorsements made upon the note and mortgage by complainant and her husband can aid us but very little if any. They were not made at the time of the payments in all cases, and some payments, conceded to have been made, were not endorsed at all. Nor do we gain much if any assistance from the comparison made by Mr. Hazen and defendant of the endorsements, receipts and memorandum of payments made. The memoranda made by defendant of payments made, to say the least, are entitled to equal credit.

After reading all the evidence in the case, an impres-

sion remains that a payment was made as claimed by defendant on the 23d of September, 1871. A careful scrutiny of the disputed receipt strengthens this impression very much. That a change has been made in the date of the month is of course conceded by both parties. Standing alone we should say that no change whatever had been made in the last figure, giving the year. We think it was in the first instance written 1871 and not 1874. Not only however must this change have been made, but the month "April" must have been changed to "Sept." as it now appears. A person believing that such a change had been made, may notice some things to support his view, but so slight indeed as to be wholly unreliable. If, as is claimed, the S in Sept. has been changed from the letter A as it stood in April, how the farther changes were made, if at all, does not appear. The p in Sept. may stand as it did in April, and the r have been changed into a t, yet the two remaining letters in April must have been erased, of which we cannot discover the slightest indications. If the A and l in April have been changed to an S and t in Sept. and the date as first written was April 1st, then the space between the word April and the figure 1, must have been far greater than we should have supposed it would have been, judging from the appearance of the entire instrument. Again, the ink used in writing this receipt is of a peculiar color. Yet these changes, if made, have been made with the same kind of ink,—no difference whatever in this respect can be detected. The handwriting is also the same. Indeed if a change has been made as claimed, it has been exceedingly well done, and by some person not a novice in the business.

This case was exceedingly well presented on the argument, and our attention was called to some very striking circumstances which, upon examination, we find to be as claimed.

In February or March, 1873, complainant and her husband took the note and mortgage to the register's

office, for the purpose of having the endorsements of payments, as made upon the note, recorded. Their reasons for having this done, especially as all the payments conceded to have been made were not then endorsed on the note, are not satisfactory. They appear to have had a large number of notes and mortgages, yet this is the only instance in which they desired to have such a record made. At that time, however, they claim the mortgage in this case was lost. Some payments had been endorsed thereon, and defendant testified that when he made this payment of Sept. 23, Mrs. Hazen endorsed it on what appeared to be a note or mortgage, and certain it is that no such endorsement was made upon the note. All receipts given for payments made, up to the time the mortgage is said to have been lost, are "to apply on mortgage," or for so many dollars, "the same having been endorsed on a mortgage," or "the same being endorsed on a certain mortgage," and in none of these receipts is it stated that the payment made is to apply on, or be endorsed on the note, nor is the note mentioned therein. After the loss of the mortgage, the receipts given are "to apply on his note;" there are three such, and there are two so written in the first instance, with the abbreviations "& mortg" interlined or added thereto.

This disputed receipt is given for five hundred dollars "to apply on his mortgage," which is certainly a circumstance tending to show that it was given before the loss of the mortgage, and if so it could not be the receipt given in April, 1874.

Again, the receipts given and endorsements made in 1869, 1870, and 1871, are written with a poor quality of black ink—the color is now a dirty brown—while those written in 1872, 1873, and 1874, are written in black ink. The difference in the ink, and the appearance of the receipts at the present time is clear and distinct. Looking at this disputed receipt, it clearly must be placed with those given previous to 1872. That Mr. Hazen

gave defendant a receipt April 1st, 1874, for $575 is conceded by all. That receipt was written with a clear black ink, while the disputed receipt, said by complainant to have been written on the same day, could by no possibility have been written with the same kind of ink. Mr. Hazen attempts to account for this difference by saying that he kept two bottles of ink of a different kind on his desk, but Mrs. Hazen is just as clear and positive, and we think much more so, that he did not.

There are other facts tending in the same direction, but we need not discuss them at length, or indeed refer to them, as they are of no importance to any one beyond the parties directly interested.

We are of opinion that defendant did make a payment on the 23d day of Sept., 1871, of $500, and that the same should have been credited him. The decree must therefore be modified accordingly, with costs of this court to defendant.

The other Justices concurred.